UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATHWARD, NA,

    Plaintiff,

v.

INLET TRUCKING, LLC, and
REGINALD KRUG,

    Defendants.

Case No. 24-10811
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT [15]**

In February of 2022, Inlet Trucking, LLC, entered into a contract with Pathward, National Association, so that Inlet could finance a new long-haul truck for its business. (ECF No. 16, PageID.94–95.) Reginald Krug, the sole member of Inlet, personally guaranteed the loan. (ECF No. 16, PageID.95.)

The transaction did not go well. On October 20, 2023, Pathward filed a lawsuit in Michigan state court against Inlet and Krug. (ECF No. 1-3. PageID.19.) Pathward alleged that the Defendants breached their contract by defaulting on monthly payments. (*Id.*) Despite being made aware of the action in state court, the Defendants did not timely respond to Pathward's complaint or even appear before the state court. Instead, the first thing Defendants filed in this matter was a March 28, 2024, notice of removal to this Court. (ECF No. 1.)

After filling their notice of removal, however, the Defendants again went silent. They still did not respond to Pathward's complaint. Nor did they move to dismiss.

Accordingly, Pathward sought and obtained an entry of default against both Defendants. (ECF No. 10.) That got their attention. Now the Defendants ask the Court to set aside the clerk's entry of default. (ECF No. 15.) For the reasons below, the Defendants' motion is DENIED.

## I.

This case starts with Pathward's long journey to serve process on the Defendants.

To serve Inlet, a Wyoming-based LLC, Pathward searched the Wyoming Secretary of State's website to locate the address of Inlet's registered agent. (ECF No. 16, PageID.96.) According to the Wyoming Secretary of State, Inlet's registered agent is Pioneer Corporate Services, a company who provides registered agent services. *See Business Center, Wyoming Secretary of State*, (2024), https://perma.cc/8ADY-FRAW. And Inlet's 2024 Limited Liability Company Annual Report also names Pioneer Corporate Services as Inlet's registered agent. *Id.* So Pathward sent a process server to Pioneer Corporate Services, and a Pioneer employee named Tara Fugate accepted service. (ECF No. 16, PageID.99; ECF No. 16-3, PageID.111.)

Serving Krug proved much harder. First, Pathward used "Accruint, which is a comprehensive skip trace service offered by LexisNexis" to find the "most probable address" for Krug—an address in Texas. (ECF No. 16, PageID.96–97.) And it attempted service there. (ECF No. 16-5, PageID.124.) When Pathward was not successful, it then attempted to verify the Texas address by ordering a verification

2

from the United States Post Office, which confirmed that Krug had since moved, but left no forwarding address. (ECF No. 16, PageID.97; ECF No. 16-5, PageID.127.)

Next, Pathward used another skip trace service—"TLOxp . . . provided by TransUnion"—which revealed an address in Alabama. (ECF No. 16, PageID.97.) So Pathward attempted service there—not once, but four separate times. (*Id.*) "On the fourth attempt, the process server spoke to someone who claimed that Defendant Krug had moved out." (*Id.*) Finally, Pathward filed a motion for alternative service before the state court pursuant to Michigan Court Rule 2.105(J), requesting service at Krug's last known address "through certified mail restricted delivery, first class mail, tacking on the front door, and email." (ECF No. 16, PageID.98.) The state court granted the motion. (ECF No. 16-6, PageID.131.) Pathward then effectuated all modes of service. It submitted proof of service confirming Krug was emailed service on February 13, 2024 (ECF No. 16-7, PageID.139) and an affidavit from the process server stating that all service documents were posted on Krug's front door on February 15, 2024 (*Id.* at PageID.134).

After the Defendants failed to appear, Pathward moved for entry of default, and the state court clerk entered it. (ECF No. 16-8, PageID.140–145.) Defendants then filed a notice of removal to this Court. (ECF No. 1.) Once here, the Defendants still failed to respond to the complaint. After waiting three weeks, Pathward again requested, and successfully obtained, entry of default against both Defendants. (ECF No. 10.)

Now the Defendants ask that this Court set aside the clerk's entry of default. (ECF No. 15.) Inlet argues it was not properly served because "Mr. Krug did not authorize anyone to accept service for him and/or Inlet Trucking in the State of Alabama." (*Id.* at PageID.74.) Inlet also argues that Krug does not know who Tara Fugate—the Pioneer Corporate Services employee—is and that she is not Inlet's registered agent. (*Id.* at PageID.74–75.)

As for Krug, he argues he was not properly served because he "was not present in the State of Alabama on February 15"—the day service was posted on his door. In his affidavit provided to the Court, Krug claims that he first learned about this action on February 28, 2024, "when [he] discovered [service of process documents] in [his] neighborhood community mailbox." (ECF No. 15, PageID.87.)

In response, Pathward explains that Inlet designated Pioneer Corporate Services as its registered agent, and that anyone employed there could have accepted service. (ECF No. 16, PageID.100.) Regarding Krug, Pathward states that it "conducted all reasonable diligence and effectuated multiple modes of service," asking "[w]hat more could it have done?" (*Id.* at PageID.100–101.) The Court addresses these arguments in turn.

## II.

First, the Defendants argue that courts must set aside entry of default where the defendants were not properly served. (ECF No. 15, PageID.75–79.) That is true. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (finding that if service of process is not proper, the Court must set aside an entry of

4

default.) But here, Pathward satisfied its burden of perfecting service of process. *See* Fed. R. Civ. P. 4(c); *Breezley v. Hamilton County*, 674 F. App'x 502, 505 (6th Cir. 2017) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Start with Pathward's service of Inlet. Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." This rule implicates two sources of authority—Michigan, where this Court sits, and Wyoming, where service on Inlet was effected. The laws of both states provide that an LLC is properly served when plaintiff delivers a summons and copy of the complaint on the resident agent of the LLC. *See* M.C.R. 2.105(H)(1) ("Service of process. . . may be made by serving a summons and copy of the complaint on . . . the resident agent.); Wyo. R. Civ. P. 4(h)(1)(A) ("Service upon a partnership, or other unincorporated association . . . shall be made by delivery of [complaint and summons] to . . . [an] agent for process.").

Here, Pathward served Inlet's registered agent. The fact that Krug does not personally know the specific Pioneer Corporate Services employee who ultimately accepted the mail is irrelevant. Of course, Pioneer Corporate Services is an entity unable to physically sign for service. Rather a natural person employed by Pioneer would need to sign. *See* 002-0023-9 Wyo. Code R. § 5(b) (LexisNexis 2024) ("If the registered agent is an entity, then a natural person having an agency relationship with the registered agent shall accept service of process."). And as Pathward notes, "Inlet could have, of course, designated a specific individual at Pioneer Corporate Services as the only authorized agent to accept service of process but did not do so.

5

Instead, it only designated the entity." (ECF No. 16, PageID.99.) So service on Inlet was proper.

As to Krug, he seems to ignore that the state court allowed service of process by alternate means. Pathward provides the Court with evidence that Krug was served pursuant to Michigan Court Rule 2.105(J) when he was emailed service of process documents and when a process server posted them on Krug's door on February 15, 2024. (ECF No. 16-7, PageID.134, 139.) But even taking Krug's version of events as true, Krug admits that he became aware of this action on February 28, 2024. (ECF No. 15, PageID.86–87.) Michigan Court Rule 2.105(K)(3) provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules of service." Krug by his own admission knew about this action long before the default and chose to do nothing. Service on the Defendants was proper.

Defendants next argue that even if service was proper, this Court should set aside entry of default because they satisfy Rule 55(c)'s "good cause" standard. To determine whether good cause to set aside default exists, courts consider "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up). Although "all three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion

6

in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

As to whether setting aside default would prejudice Pathward, while granting Defendants' motion would certainly result in further delay for Pathward, "delay alone is not a sufficient basis for establishing prejudice." *INVST Financial Group, Inc., v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation omitted). And Pathward does not assert any other prejudice. So the prejudice prong weighs in Defendants' favor.

As to whether the Defendants have a meritorious defense, they do not provide the Court much to go on. The sum total of Defendants' argument is that "Defendants believe that they have viable defenses to the breach of contract and guaranty causes of action, including a lack of breach by Defendants and a prior breach by Plaintiff." (ECF No. 15, PageID.81.) But that proffer is likely sufficient. *See United Coin Meter Co., Inc., v. Seaboard Coastline RR.*, 704 F.2d 839, 845 (6th Cir. 1983) ("[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."); *$22,050.00 U.S. Currency*, 595 F.3d at 236 ("[A]ll that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense.") (internal quotation omitted).

The issue for Defendants, however, is that the record before the Court supports only one reasonable conclusion: that the Defendants' failure to appear or otherwise plead following removal was "a willful failure." *Shepard*, 769 F.2d at 194. A defendant may be deemed culpable for default is he displays a "reckless disregard for the effect

7

of [his] conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996).

Here the Defendants' pattern of inaction in state court simply continued in federal court. There is no reasonable excuse for why the Defendants failed to file anything with the Court after removal. And they have not provided one. Yet their obligation was clearly spelled out in Federal Rule of Civil Procedure 81(c)(2). That rule makes clear that in a removed action like this one, where a defendant failed to plead or otherwise respond in state court, the deadline for a response is the longer of (1) seven days after removal of a case to federal court or (2) twenty-one days after service. For the Defendants who had been served months earlier, this meant that once they filed their notice of removal, they started a seven-day countdown, at the end of which their time to respond or otherwise plead expired. Defendants let that deadline pass, remaining silent for five weeks, and presumably watching on the electronic docket as Pathward attempted to obtain both default and default judgment. (*See* ECF Nos. 2–14.)

To be sure, the Sixth Circuit directs that when "the party in default satisfies the first two requirements for relief . . . the district court should grant the motion to set aside the default before a judgement is entered . . . if the party offers a credible explanation for the delay that does not exhibit disregard for judicial proceedings." *Shephard*, 796 F.2d at 195. This leniency extends to a party who submits to the Court that it simply misunderstood the rules governing default. *See, e.g., Dassault Sys., SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (finding that the district court should

8

have set aside default when a *pro se* litigant submitted evidence to the court demonstrating confusion of procedural rules); *Krowtoh II LLC v. Excelsius Int'l Ltd.*, 330 F. App'x 530, 537 (6th Cir. 2009) (finding that a foreign defendant did not act with reckless disregard when he consulted an international law expert who assured him he did not need to file with the court).

Here, however, Defendants provided no explanation whatsoever for this delay. (*See* ECF No. 15.) Indeed, Defendants merely say that Krug was not attempting to avoid service. (*Id.* at PageID.82.) But that has nothing to do with Defendants' intentional failure to respond to the complaint for five weeks following the notice of removal. Pathward also points this out, arguing that "Defendants used removal as a delay tactic to avoid entry of default judgment in the state court proceedings and sat on their hands for over a month after removal." (ECF No. 16, PageID.104.) Defendants offer no response to this argument.

Further, it is worth note that "the usual custom when filing a motion to set aside an entry of default is to simultaneously file a motion for leave to answer instanter, with a copy of the proposed answer attached as an exhibit." *NextStep Arthopedix, LLC v. Fries*, 2021 U.S. Dist. LEXIS 118451, at *7 (citing *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)). "This practice helps to diminish any prejudice that might be caused by further delay in supplying an answer." *Id.* Once again, however, Defendants failed to supply any responsive pleading alongside the motion to set aside default.

9

## III.

Accordingly, because service of process on the Defendants was proper and the Defendants fail to satisfy Rule 55(c)'s good cause standard, the Court DENIES the Defendants' motion to set aside default (ECF No. 15).

SO ORDERED.

Dated: November 14, 2024

                                              <u>s/Laurie J. Michelson</u>
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE