UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATHWARD, NA,<br><br>  Plaintiff,<br><br>v.<br><br>INLET TRUCKING, LLC, and<br>REGINALD KRUG,<br><br>  Defendants. | Case No. 24-10811<br>Honorable Laurie J. Michelson |

**ORDER DENYING IN MOST PART DEFENDANTS' MOTION TO VACATE JUDGMENT [25] AND DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEF ON ATTORNEY'S FEES**

Adjudicating the merits of a claim is typically preferred over the entry of a default judgment. But, in some cases, resort to default judgment may be warranted. In those cases, default judgment serves to "protect" a diligent party from an "essentially unresponsive" one, whose absence has halted the proceedings and left the diligent party's rights uncertain. *See* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (4th ed. 2025).

That protection was warranted here. Now, Defendants seek to resurrect a case that they failed to defend when they had the chance. For the reasons that follow, their motion to vacate the judgment or, in the alternative, alter or amend the judgment (ECF No. 25) is DENIED.

## I.

Nearly four years ago, Inlet Trucking, LLC received a loan from Pathward, NA to purchase a new long-haul truck. (ECF No. 25, PageID.260.) Reginald Krug, the sole member of Inlet, personally guaranteed the loan. (*Id.*) In exchange, Pathward received a secured interest in the truck. (ECF No. 1-3, PageID.19.) At some point, Inlet and Krug defaulted on the loan and surrendered the truck to another lender, who then contacted Pathward. (ECF No. 27, PageID.295–296.) Pathward repossessed the truck and put it up for auction. (ECF No. 1-3, PageID.20.) In October 2023, while the auction was still pending, Pathward filed this action in state court to recover any deficiency remaining after the sale. (ECF No. 1-3, PageID.19–20.) On December 20, 2023, the truck was sold at auction for $32,500. (ECF No. 27, PageID.297.) After auction fees were paid, Pathward's net proceeds from the sale were $28,697.50. (*Id.*) Despite being properly served, Inlet and Krug failed to defend the case in state court. (*See, e.g.*, ECF No. 1-2, PageID.10–12 (state court docket).) So the state court entered default orders against Inlet and Krug in December 2023 and March 2024, respectively. (ECF No. 1, PageID.3.)

That finally got their attention. Just a week after the default was entered against Krug, Defendants removed the case to this Court (ECF No. 1). But then, Inlet and Krug still failed to answer or otherwise defend the action. So, three weeks after the removal, Pathward obtained a clerk's entry of default as to both Defendants. (ECF No. 10 (dated April 24, 2024).)

2

This too, inspired action by the Defendants: less than two weeks later, Defendants moved to set aside the state court's default judgments, as well as the clerk's entry of default here, alleging that neither Inlet nor Krug were properly served. (ECF No. 15.) The Court denied that motion, finding that both Krug and Inlet were properly served (ECF No. 18, PageID.161–163), and that their failure to defend after they affirmatively removed the case to federal court was "willful" (*id.* at PageID.164.)

Thereafter, Pathward moved for default judgment to collect $164,919.14, which it claimed was the remaining balance owed by Defendants, inclusive of fees and interest, but less the proceeds of the truck sale. (ECF No. 19, PageID.183.) Defendants opposed the motion, primarily contesting the commercial reasonableness of the sale and disputing the amount Pathward was owed. (ECF No. 20). On July 17, 2025, nearly two years after the case began, the Court granted the motion and awarded Pathward a default judgment of $164,919.14 ($155,116.54 in award $9,802.60 in attorney's fees). (ECF No. 23.)

Now Defendants try once more to avoid this consequence. They ask the Court to vacate the default judgment pursuant to Federal Rule of Civil Procedure 59. (ECF No. 25.) They present five arguments in support: 1) Pathward failed to provide proper notification to the Defendants before the sale, as required by Article 9 of the Uniform Commercial Code (adopted in Michigan law at Michigan Compiled Laws § 440.9611); 2) The resulting sale was not commercially reasonable; 3) The Court improperly entered a default judgment without a hearing; 4) Pathward did not adequately prove

3

the amount or basis of its damages, and 5) The Court awarded attorney's fees without proper documentation or a finding of reasonableness. (ECF No. 25, PageID.259.) Only the last has merit.

## II.

Federal Rule of Civil Procedure 55(c) provides that a final default judgment may be set aside under Rule 60(b). That Rule provides six grounds upon which a Court may "relieve a party" from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

While Defendants style their request as a motion pursuant to Rule 59, much of it reads as seeking relief under Rule 60(b). In particular, they argue the judgment must be vacated because it is void (*see* Fed. R. Civ. P. 60(b)(4)) and that the resulting attorney's fees awarded were thus also improper (*id.*). So the Court construes these arguments under Rule 60(b).

4

## A.

Post-judgment relief under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). It "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019). The party seeking Rule 60(b) relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Defendants contend that the default judgment is void. A judgment is void within the meaning of Rule 60(b)(4) when it is premised on "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Burton v. Coney Island Auto Parts Unlimited, Inc. (In re Vista-Pro Auto., LLC)*, 109 F.4th 438, 442 (6th Cir. 2024) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Such a motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c). *Coney Island Auto Parts Unlimited, Inc. v. Burton*, No. 24-808, 2026 U.S. LEXIS 505, at *4 (2026). Defendants moved to vacate the judgment within 30 days of its entry, so the Court takes no issue with the timeliness of their motion. Nor does Pathward. (*See generally* ECF No. 27 (making no arguments regarding timeliness).); *see also LeBerry v. LeBo*, No. 10-00624, 2019 U.S. Dist. LEXIS 252930, at *4 (M.D. Tenn. Aug. 20, 2019) (collecting cases on what constitutes unreasonable delay).

5

The merits of Defendants' claim are more problematic. Defendants argue that the judgment is "void in its entirety" because Pathward failed to comply with Michigan state law governing the procedures for disposing of repossessed collateral. (ECF No. 25, PageID.259.) Under Article 9 of the Uniform Commercial Code (which Michigan has adopted), a secured party must "send an authenticated notification of disposition" to various parties interested in the collateral prior to disposing of it, including the debtor. *See* Mich. Comp. Laws § 440.96111(2)–(3)(a). Defendants claim that Pathward never sent such a notification. (*See* ECF No. 22, PageID.225.) Because an unexcused failure operates as an "absolute bar" to recovery of a deficiency judgment under Michigan law, *see Honor State Bank v. Timber Wolf Constr. Co.*, 151 Mich. App. 681, 688 (Mich. 1986), Defendants say the default judgment here is legally void. (ECF No. 25, PageID.264–267.) Relatedly, they say Pathward was not permitted to recover attorneys' fees "wholly derivative of . . . [a] barred deficiency claim." (*Id.* at PageID.280–281.)

In response, Pathward claims it was excused from the notification requirements by Mich. Comp. Laws § 440.9605(a)(iii), which relieves a secured party of its pre-disposition notification requirements if they do not know "how to communicate with the [debtor]." (*See* ECF No. 27, PageID.303.)

Defendants' argument fails for two reasons. First, they are too late to defend against the claim in the complaint. After admitting the well-pled allegations by virtue of the default, liability was established and the only issue that remained was the amount of the damages. *See New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*,

44 F.4th 393, 403 (6th Cir. 2022). This is a merits argument and not a damages argument. Second, it is a merits argument that does not render the judgment void in any event. A void judgment is a "legal nullity." *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citing *Espinosa*, 559 U.S. at 270). It is not a judgment that is merely "erroneous," or contrary to a statute. *Id.*; *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990) (finding that a judgment was not "void" under 60(b)(4) where it was made under "a valid exercise of jurisdictional authority . . . although it may have been in error"). Rather, a void judgment is one that is, "from its inception . . . without legal effect." (*Northridge Church*, 647 F.3d at 611 (quoting *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (Batchelder, J., concurring))).

Said another way, a void judgment is issued by a court that "lacked jurisdiction over the subject matter, or of the parties . . . ." *Id.* (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)); *see also Koe v. Univ. Hosps. Health Sys. Inc.*, No. 24-4035, 2025 U.S. App. LEXIS 19471, at *3–4 (6th Cir. Aug. 1, 2025) ("Under Rule 60(b)(4), a judgment is void only if the district court lacked jurisdiction over the subject matter or parties, or if it violated the movant's right to notice and an opportunity to be heard."). "There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4) . . . . either a judgment is void or it is valid." *Olle*, 910 F.2d at 364 (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862 at 340–41 & Supp. 119–20 (1973 & 1989 Supp.)).

7

Suffice it to say, void judgments are "exceptional," *In re Vista-Pro Auto., LLC*, 109 F.4th at 445, and this case presents no exception. Defendants have made no argument that this Court lacks subject matter jurisdiction over the case. (*See generally* ECF No. 25.) This is hardly surprising since it was Defendants who removed this action to federal court and represented that jurisdiction was proper. (ECF No. 1, PageID.1–2.)

Nor have Defendants presented a developed argument that the notice requirements of Mich. Comp. Laws § 440.9611 are jurisdictional in nature. In fact, Michigan law suggests the opposite: If a secured party does not know how to communicate with the debtor, "[t]he secured party's failure to comply with [Article 9] does not affect the liability of the person for a deficiency." *See* Mich. Comp. L. § 440.9628(1); *see also id.* at § 440.9625 (detailing remedies for a secured party's failure to comply with Article 9, suggesting a court retains jurisdiction even in the absence of Article 9 compliance).

Nor is the judgment void for due process reasons. As the Court explained at length in its order denying Defendants' motion to set aside the entries of default, Defendants were properly served in accordance with Federal Rule of Procedure 4. (ECF No. 18.) They received Pathward's motion for default judgment and had opportunity to be heard on it—they submitted a response brief. (ECF No. 20.) While Defendants argue that it was error for the Court to issue judgment without a hearing (more on that later), they have failed to show this error was so egregious as to deprive them of due process of law.

Accordingly, there is no basis to vacate the default judgment as void.[1]

### III.

Defendants primarily seek relief under Federal Rule of Civil Procedure 59(e). That rule empowers courts to, in the time "immediately following entry of judgment," correct its own errors by altering or amending the judgment. *See Knopp v. Nat'l Ry. Adjustment Bd.*, No. 23-3865, 2024 U.S. App. LEXIS 17867, at *5 (6th Cir. July 18, 2024) (citing *White v. N.H. Dep't of Employment, Sec.*, 455 U.S. 445, 450 (1982)); *see also Banister v. Davis*, 509 U.S. 504, 532 (2020).[2]

But motions pursuant to Rule 59(e) serve a "limited purpose," *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009), and may only be granted for four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Defendants seem to seek relief on just two of these grounds—"clear error of law" and "manifest injustice." (*See* ECF No. 25, PageID.252 ("The entry of judgment rests on clear legal error, resulting in manifest injustice.").)

---

[1] For these same reasons and those detailed further below, Defendants would also fail to meet the high bar for relief under Federal Rule of Civil Procedure 60(b)(6). *See, e.g.*, *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) ("Rule 60(b)(6) applies only in exceptional and extraordinary circumstances."); *see also Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.").

[2] Motions pursuant to Rule 59(e) must be filed within 28 days of judgment, which Defendants met.

9

A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC*, 616 F.3d at 615; *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court."). But the Sixth Circuit has made clear that "[r]elief under this rule 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *See Maxwell v. Shoop*, No. 21-318, 2025 U.S. Dist. LEXIS 151009, at *2 (N.D. Ohio Aug. 6, 2025) (quoting *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)); *Rainworks Ltd. v. Mill-Rose Co.*, No. 06-1549, 2009 U.S. Dist. LEXIS 66623, at *3 (N.D. Ohio July 30, 2009) ("though frequently brought, [Rule 59(e) motions] are granted only in rare and unusual circumstances.") (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

## A.

Rule 59(e) is not a vehicle for re-argument or the presentation of evidence that could have been raised earlier. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("[Rule 59(e) may not be used to relitigate old matters"); *see also Maxum Indem. Co. v. Robbins Co.*, 784 Fed. App. 366, 373 (6th Cir. 2019) ("Rule 59(e) does not exist to correct a misguided legal strategy or litigate matters that could have been litigated previously."). "The Sixth Circuit has 'repeatedly' held that 'Rule 59(e) motions cannot be used to present new arguments that could have been raised prior

10

to judgment' and that while Rule 59(e) allows 'for reconsideration; it does not permit parties to effectively 're-argue a case.'"" *Powers v. Sec'y of the HHS*, No. 16-13668, 2020 U.S. Dist. LEXIS 194825, at *3 (E.D. Mich. Oct. 21, 2020) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

But Defendants do exactly that. Nearly all of Defendants' current arguments were raised and considered by the Court prior to entry of the default judgment. (*See, e.g.*, ECF No. 28, PageID.317 (Defendants' reply brief arguing its present motion does not raise "new defenses").) Defendants argued that Pathward failed to give them adequate notice under Mich. Comp. Laws § 440.96111. (*Id.* at PageID.214–215.) The Court rejected that argument. (*See* ECF No. 23, PageID.244 ("The Court finds that Pathward's lack of notice falls comfortably within § 440.9605(a)(iii)").) Defendants argued there was insufficient evidence that the sale was commercially reasonable. (ECF No. 20, PageID.216.) The Court found otherwise. (ECF No. 24, PageID.254.) ("The Court finds that Pathward has satisfied its burden to demonstrate the truck was sold in a commercially reasonable manner.") Defendants argued that a hearing on damages was necessary. (*See* ECF No. 20, PageID.211–214.) The Court found it was not. (ECF No. 248.) So, as an initial matter, Defendants Rule 59(e) relief is unavailable for these already-rejected claims.

That Defendants cite *Honor State Bank v. Timber Wolf Constr. Co.*, 151 Mich. App. 681, 391 N.W.2d 459 (1986) for the first time in the present motion does not compel a different result. (*See, e.g.*, ECF No. 27, PageID.302) (Pathward's response brief noting that Defendant's failed to raise the *Honor Bank* case in their initial

11

opposition to the default judgment).) Defendants readily acknowledge that their reliance on the case does not change the substance of the arguments they already made in opposition to the default judgment:

> Plaintiff's contention that Defendants waived reliance on *Honor State Bank* by not citing it earlier misstates both the record and the law. Defendants' opposition (ECF No. 20) to the default judgment motion (ECF No. 19) expressly argued that Plaintiff failed to provide statutory notice under MCL § 440.9611 and that such failure barred any deficiency recovery. (ECF No. 20, PageID.214–15.) The fact that Defendants did not attach the *Honor State Bank* citation until their Rule 59(e) motion does not transform the argument into a new defense.

(*See* ECF No. 28, PageID.318.)

Put simply, Defendants' citation to the case is new, but their argument is not. And even if it was, this is certainly an argument that could have been made earlier.

For these reasons, Defendants are not entitled to Rule 59(e) relief.

**B.**

Even if the Court re-considered the merits of Defendants' already-rejected arguments, they would fail. Defendants have identified no clear error of law that requires correction, nor have they demonstrated that the Court's judgment has produced "manifest injustice" demanding relief.

**1.**

Vacating a judgment to correct a clear error of law "requires unique circumstances, such as a complete failure to address an issue or claim." *Mishos v. McKesson Corp.*, No. 22-1666, 2024 U.S. Dist. LEXIS 96135, at *14–15 (S.D. Ohio May 30, 2024) (quoting *Deakins v. Mohr*, No. 13-00584, 2015 U.S. Dist. LEXIS 4952, at *2 (S.D. Ohio Jan. 15, 2015)). This standard is "exceptionally high." *Grace v.*

12

*Kentucky*, No. 20-00036, 2021 U.S. Dist. LEXIS 229884, at *2 (W.D. Ky. Dec. 1, 2021) (alternations in original). It is not sufficient for a movant to simply show an error of reasoning; rather, they must show the Court "wholesale disregarded, misapplied, or failed to recognize" controlling precedent."[3] *Lonardo v. Travelers Indem. Co.*, 706 F.Supp. 2d 766, 809 (N.D. Ohio 2010) (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Walden v. Comm'r of Soc. Sec.*, No. 23-325, 2025 U.S. Dist. LEXIS 849859, at *7 (W.D. Mich. May 5, 2025) (finding no "clear error" where the defendant failed to "cite any binding precedent to establish a clear error"). None of Defendants' arguments surpass this high bar.

To reiterate, the Court *did* consider Defendants' arguments regarding Mich. Comp. Laws § 440.9611 and Pathward's supposed noncompliance with it. Far from wholly "disregard[ing], misapply[ing], or fail[ing] to recognize" Defendants' arguments regarding notice and commercial reasonableness, the Court reviewed the parties briefing on the issues and addressed them at length in its ruling. (*See* ECF No. 23, PageID.244.)

And Defendants have provided no authority that shows the Court's decisions were erroneous, let alone "clear[ly]" so. On the notice issue, Defendants argue that

---

[3] True, Defendants failed to name the relevant binding precedent here—*Honor State Bank v. Timber Wolf Constr. Co.*, 151 Mich. App. 681, 391 N.W.2d 459 (1986)— in their initial opposition to the default. But as described above, Defendants have themselves suggested that failure to cite the case was immaterial, because Defendants' argument that noncompliance with Mich. Comp. Laws § 440.9611 barred a deficiency judgment has remained unchanged. (*See* ECF No. 28, PageID.318 ("The fact that Defendants did not attach the *Honor State Bank* citation until their Rule 59(e) motion does not transform the argument into a new defense.").)

13

Pathward "knew–or should have known" where Defendants operated or could receive mail. (ECF No. 25, PageID.265–266.) Thus, say Defendants, the Court erred in finding Pathward unable to communicate with them. (*See id.* at PageID.267.)[4] But this argument misses the point—Pathward attempted to communicate with Defendants through mail, personal service, and even alternate service via email, all to no avail. (*See* ECF No. 1-2, PageID.11; *see also* ECF No. 16, PageID.96–98 (detailing Pathward's service efforts).) Knowing where a party may receive mail does not necessarily mean one "know[s] how to communicate with [them]." *See* Mich. Comp. Laws § 440.9605(a)(iii). Especially so when the recipient party is wholly nonresponsive.

Second, Defendants argue that the Court erred in finding the sale commercially reasonable, relying primarily on *United States v. Willis*, 593 F.2d 247, 257 (6th Cir. 1979). (ECF No. 25, PageID.268.) That case does not move the needle. To be sure, *Willis* makes clear that Courts may not assume "that a properly conducted public sale is inherently reasonable." 593 F.2d at 258. But a court may find a sale commercially reasonable where the secured party "sells in the usual manner in a recognized market." *Id.* And Pathward did just that. "Pathward sold the truck at a public auction using a reputable auctioneering company with experience selling

---

[4] In their motion, Defendants argue that the Court erred in relying on *Price v. Monroe Bank & Trust*, No. 227118, 2002 WL 31928601 (Mich. Ct. App. Nov. 8, 2002) to excuse Pathward from the notice requirement in Mich. Comp. Laws § 440.9611. (ECF No. 25, PageID.267) ("The Court's reliance on *Price* further illustrates the error in excusing notice under MCL § 9605(a)(iii)".).) But the Court did not rely on, or even cite, *Price* when analyzing whether Pathward was entitled to the exception in Mich. Comp. Laws § 440.9605(a)(iii). (ECF No. 23, PageID.244–245.)

14

similar equipment." (ECF No. 23, PageID.246.) Defendants have presented no evidence to the contrary.

Instead, they take issue with the sale price obtained through that process. (ECF No. 25, PageID.268.) But *Willis* does not say, as Defendants contend (*id.*), that a low sale price triggers a *presumption* of commercial unreasonableness. *See Willis*, 593 F.2d at 258–59. Rather, *Willis* simply holds (in relevant part), that the defense of commercial reasonableness, properly raised, shifts the burden of proof to the secured party. *See id.* at 258. And as noted above, Defendants raised that defense, (ECF No. 20, PageID.214), the Court agreed this shifted the burden to Pathward, (ECF No. 23, PageID.245), and the Court found Pathward met its burden (*id.*). Defendants present no evidence or argument to show otherwise. They merely assert that the "80% drop" in price from the time Defendants bought the truck was "facially suspect" under *Willis* and Mich. Comp. Laws § 440.9627(2). (*Id.*) But neither authority changes the analysis. Michigan law expressly states, "the fact that a greater amount *could have been obtained . . . is not itself sufficient* to preclude the secured party from establishing [the commercial reasonableness of the sale]." Mich. Comp. Laws § 440.9627(1) (emphasis added). And critically, Defendants have done nothing to show that a greater sale price was, in fact, attainable.

Similarly, *Willis* provides that when measured against higher prices offered privately, a low public auction price may be "probative" of commercial reasonableness. 593 F.2d at 259. But Defendants provide no evidence that any such higher private offers were made here. And *Willis* also clarified that while the low

15

price was suspect, it was still not, by itself, enough to prove unreasonableness. *Id.* ("a discrepancy between a price received by a creditor disposing of assets . . . and an isolated price later shown to have been attainable, is not alone sufficient to grant a debt relief [under the defense of commercial unreasonableness]") (citing *Merchantile Financial Corp. v. Miller*, 292 F. Supp. 797, 801 (E.D. Penn. 1968))). Moreover, in *Willis*, there was evidence to show that a higher sale price was attainable.[5] *Id.* Defendants offer no such evidence here. So Defendants have not persuaded the Court that its finding of commercial reasonableness was made in clear error of law.

Third, Defendants argue that the law required an evidentiary hearing on Pathward's motion for default judgment, and without one, the Court clearly erred. Not so. Federal Rule of Civil Procedure 55(b)(2) "by its terms, allows but does not require the district court to conduct an evidentiary hearing" before granting default judgment. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Indeed, a hearing may be unnecessary "if sufficient evidence is submitted to support the request for damages . . . or if the amount claimed is one ascertainable from definite figures in the documentary evidence or affidavits." *Huntington Nat'l Bank, N.A. v. Krupa*, No. 23-12231, 2023 WL 9181273, at *1 (E.D. Mich. Oct. 16, 2023) (internal citations omitted); *see also Alston v. Midland Credit Mgmt.*, No. 25-02196, 2025 U.S.

---

[5] In *Willis*, the low auction price was suspect because, prior to conducting the action, the hired auctioneer estimated the assets were only worth approximately $45,000. 593 F.2d at 259. But at that time, the secured party had already received "firm and outstanding offers" for much more—$200,000 and $210,000. *Id.* So the decision to forgo the $210,000 in favor of an auction expected to generate only $45,000 in returns was obviously questionable. *Id.* There is no evidence showing that others were willing to pay more than $32,500 here.

16

Dist. LEXIS 131969, at *3 (D. Ariz. July 11, 2025) ("A live evidentiary hearing [on damages] is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence") (quoting 2 Steven S. Gensler, *Federal Rules of Civil Procedure: Rules and Commentary*, Rule 55, at 119 (2018)).

Here, there *was* documentary evidence sufficient to determine the amount of damages owed, which the Court outlined in its opinion. (ECF No. 23, PageID.247–248.) Pathward detailed its accounting of the balance owed by Defendants in its motion (ECF No. 19, PageID.171), and appended the parties' relevant financing agreement and amendments (ECF No. 19-1, PageID.189–191; ECF No. 19-3, PageID.193 (amended financing agreement).) Pathward supported its damages claim with an itemized list of the various fees sought and the authority under which it sought those fees (ECF No. 19-4, PageID.195), as well as a sworn affidavit from its Small Ticket Credit and Portfolio Manager Director, who "verified" Pathward's damage calculation (ECF No. 19-6, PageID.199–201.) This documentary evidence was more than sufficient to prove the amount of damages owed.

In sum, there is no statute, no common law, and no court rule that requires a court to hold a hearing on damages before entering a default judgment. So not having one here cannot be a clear error of law.

### 2.

Nor can Defendants show that the Court's failure to conduct a hearing on damages created "manifest injustice." (ECF No. 25, PageID.270.) Such a finding

"'requires the existence of a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and not in line with applicable policy.'" *Shoop*, 2025 U.S. Dist. LEXIS 151009, at *7. "'[M]anifest injustice' does not occur when a losing party attempts to 'correct what has—in hindsight—turned out to be poor strategic decision.'" *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017).

But as described above, and contrary to Defendants' claims, the record was not "devoid" of evidentiary support for the amount of damages awarded. (ECF No. 25, PageID.274.) Defendants' present motion emphasizes that a default judgment does not relieve the plaintiff of proving damages (ECF No. 25, PageID.273), and the Court agrees. That is why the Court considered the evidence Pathward presented to support its claim of damages in granting the default judgment. (ECF No. 23, PageID.247–248.) A hearing was therefore unnecessary and the Court's decision not to hold one did not result in manifest injustice to Defendants.

## C.

The only argument Defendants have raised anew is their challenge to the Court's award of attorney's fees to Pathward. Defendants first argue that an award of attorney's fees was improper because the judgment is void. (ECF No. 25, PageID.279 ("It Would Be Illogical And Inequitable To Award Pathward Its Attorneys' Fees For Pursuing A Barred Claim").) But the Court already rejected that argument.

Alternatively, Defendants' challenge the amount of attorney's fees awarded in what appears to be a claim of both clear error *and* manifest injustice under Rule 59(e). (*See* ECF No. 25, PageID.279–282.) Defendants argue that "detailed billing" information, including "hourly rates, task descriptions, or itemization," is required for courts to properly evaluate the reasonableness of the sought fees. (*See* ECF No. 25, PageID.281.) And because the ledger provided by Pathward's counsel fails to specify the number of hours worked, the Court lacked sufficient information to conduct a lodestar analysis. (*Id.*)

On this point, Defendants are right. Pathward provided an attorney's fee ledger to its motion, which shows charges from October 31, 2023 (the date Pathward filed its complaint in state court) to October 31, 2024 (nearly two months *before* Pathward file its motion for default judgment). (ECF No.19-5, PageID.197.) The ledger indicates days on which legal services were provided, the total cost of those services, whether any expenses were accrued in relation to that work, and whether any write-offs were applied. (*Id.*)

But the ledger does not detail how many *hours* were spent each day on billable legal work, nor what the hourly rate charged was. (*See id.*) While the amount of fees sought ($9,802.60), when viewed in light of the scope and duration of the case, appears reasonable, the Court may have assumed so too quickly. (*See, e.g.*, ECF Nos. 1, 15.)

More information is therefore needed to assess the reasonableness of Pathward's fees. Accordingly, within one week of entry of this order, Pathward is to

19

submit supplemental briefing of no more than five pages to support the reasonableness of the attorney's fees sought. This briefing should set forth the hourly rates and hours worked of each attorney whose work is subject to Pathward's attorney fee request. Pathward may submit any supporting billing records under seal. Any response from Defendants is likewise limited to five pages and shall be filed one week after service of Plaintiff's submission.

For these reasons, Defendants' motion to vacate the judgment, or, in the alternative, to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e) (ECF No. 25) is DENIED in MOST PART. By January 28, 2026, Pathward is to submit supplemental briefing of no more than five pages setting forth the rates and hours worked of each attorney whose work is captured in the $9,802.60 fee request. Any response from Defendants will be due one week later. The Court will reserve judgment on the reasonableness of these fees until after the parties provide this supplemental briefing.

SO ORDERED.

Dated: January 21, 2026

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE